Judge Brooke.
The 5th section of the act, entitled £c An act concerning the proceedings in courts of chancery, and for other purposes,” relied on by the counsel for the appellee, does not, upon sound construction, authorize a judgment for interest on.costs. The words are, “ Upon all judgments, interest shall be awarded on. the principal sum, or damages recovered, and costs, until such judgment shall be satisfied.” Costs, generally, are not a part of the judgment; they are given by the law, and not the court, in most cases, and follow the judgment as incidental thereto. The phraseology of the sentence under consideration clearly distinguishes them from the judgment; if included in it, the words “ and costs” would have been entirely superfluous; and the expressions which follow immediately after the words “ and costs,” evidently mark the intention of the legislature, if possible, more strongly; they are, “ until such judgment shall be satisfied ;” that is, the judgment for the principal sum, or damages, mentioned in the first member of the section; which judgment certainly does not include costs; unless, indeed, costs can be said to be a part of the principal sum, or damages recovered.
Judge Roane.
The general principle is, that costs are, considered as an appendage to the judgment, rather *48 than a part of the judgment itself; that they are considered, in some sense, as damages, and are always entered, in effect, “ as an increase of damages by the court.” ' This doctrine is to be found in 3 Bl. Com. 399. I presume it was, on the ground of this general principle, that this court reversed the judgment, in the case of Hudson v. Johnson (a) which gave damages on the costs; for, as costs are in the nature of damages, and damages and interest are considered, in some sense, as the same,(b) it might seem that that judgment gave, in effect, interest upon interest, or compound interest, which has been always highly discountenanced by the courts and the legislature.
Such being the general principle, it would require clear legislative expressions to change it, in any particular case : and no act, or section of an act, shall be construed to have that effect, which, by any fair construction, or even by a natural transposition of the words, can be otherwise accounted for and satisfied. In the case before us, the legislature, in allowing damages upon costs to be given by the appellate court, in two several instances in the act in question,(c) sensible of the general principle before mentioned, have used the most express and unequivocal words;. their not using which in the particular case embraced by the 5th section is conclusive to show their obedience to the general principle. By using an easy and natural transposition, in the words of that section, it precisely accords with the general principle above mentioned. The case of Atwell’s Adm’rs v. Towles,(d) is no authority against this opinion. The point was not made in that case, nor relied upon by more' than one of the judges.
I am, therefore, of opinion that, on this ground only the judgment must be reversed.
Judge Fleming concurred; and’the judgment was unanimously reversed.

 1 Wash. 11.

 See 2 Fonb. 424.

 Rev. Code, vol. 2, p. 29.

 1 Munf. 179.